1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| GARCIA ISRAEL,<br><br>                              Plaintiff,<br><br>     v.<br><br>ANTONIO NUNO, et al.,<br><br>                          Defendants. | Case No.  14-cv-00243-BAS(BGS)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF  No. 2)**<br><br>**AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 4)** |

19
20
21
22

   Garcia Israel ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL"), and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

23
24
25
26

   Plaintiff claims that several correctional and medical officials at Richard J. Donovan Correctional Facility ("RJD") violated his Eighth Amendment rights in January and February 2013 by failing to ensure his safety, using excessive force against him, and denying him adequate medical treatment. *See* Compl. at 2-7.

27
28

   Plaintiff did not prepay the civil filing fee at the time he filed his Complaint; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28

1   U.S.C. § 1915(a) (ECF No. 2).

2   　　　Soon after, Plaintiff also filed a two-page "Motion to Amend" his Complaint

3   seeking the Court's permission to add a claim against Defendant Nuno, and add

4   another claim against an newly identified RJD official, "Jane Doe Ms. Ball, Head

5   of Medical" (ECF No. 4).  This Motion was followed by another, also entitled

6   "Motion to Amend," in which Plaintiff references entirely new allegations of

7   "continuing medical problems" at CAL and requests permission to add copies of his

8   medical records as exhibits (ECF No. 7).  Attached to neither of these documents,

9   however, was any proposed Amended Complaint.

10  **I.    Motion to Proceed IFP**

11  　　　All parties instituting any civil action, suit or proceeding in a district court of

12  the United States, except an application for writ of habeas corpus, must pay a filing

13  fee of $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's

14  failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to

15  28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

16  However, a prisoner granted leave to proceed IFP remains obligated to pay the

17  entire fee in installments, regardless of whether his action is ultimately dismissed.

18  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir.

19  2002).

20  　　　Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

21  ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of

22  the trust fund account statement (or institutional equivalent) for the prisoner for the

23  six-month period immediately preceding the filing of the complaint."  28 U.S.C. §

24  1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).   From the

25  certified trust account statement, the Court must assess an initial payment of 20% of

26  (a) the average monthly deposits in the account for the past six months, or (b) the

27  average monthly balance in the account for the past six months, whichever is

28  greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. §

1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate issued by a senior accounting officer at RJD verifying his available balances, and has determined that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Plaintiff's Motion to Amend/Correct

Notwithstanding Plaintiff's IFP status, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable

after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these provisions of the PLRA, the Court must sua sponte screen and dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.   *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).   Conclusory statements that merely recite the elements of a claim are insufficient for the purpose of 12(b)(6).   *See Iqbal*, 556 U.S. at  678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In this case, the Court finds it appropriate to defer screening of Plaintiff's Complaint in light of his Motion to Amend (ECF No. 4), and his subsequent filings which indicate he wishes to add additional defendants and claims to his original pleading.   "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920,

925 (9th Cir. 2003) (citing *Zichko v. Idaho*, 247 F.2d 1015, 1020 (9th Cir. 2001) (acknowledging court's duty to construe pro se prisoner motions and pleadings liberally); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (court must construe civil rights cases filed in pro se liberally "and must afford plaintiff the benefit of any doubt"); *Christensen v. CIR*, 786 F.2d 1382, 1384 (9th Cir. 1986) (construing pro se taxpayer's motion to "place statements in the record" as a motion for leave to amend).

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course either before the pleading is served, within 21 days after the pleading is served, or–if the pleading is one to which a responsive pleading is required–within 21 days after service of the responsive pleading.   Fed.R.Civ.P. 15(a)(1) ("a party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or . . . .") (emphasis added).   Accordingly, while the Court's permission was not required under the circumstances, it hereby GRANTS Plaintiff's Motion to Amend (ECF No. 4), and shall defer its mandatory screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) until after Plaintiff has an opportunity to present all his claims against each person he seeks to hold liable pursuant to 42 U.S.C. § 1983 in one complete amended operative pleading.

Plaintiff is cautioned, however, that his Amended Complaint will supersede, or replace, his original Complaint (ECF No. 1), and that his Amended Complaint must, therefore, be complete by itself, name all the parties he intends to sue, and include a "short and plain statement" of any and all grounds upon which he claims entitlement to relief.   *See* Fed.R.Civ.P. 8(a); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).   This Court will consider "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint [as] waived."   *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted); *see also Lacey v.*

*Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (holding that while "claims dismissed with prejudice and without leave to amend" need not be repled to preserve them in the event of an eventual appeal, "claims voluntarily dismissed . . . will [be] consider[ed] . . . waived if not repled.").   Thus, because Plaintiff's Amended Complaint will be subject to the same screening his original Complaint would have received pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) had he not first sought leave to amend it, Plaintiff should take care to ensure that his Amended Complaint identifies all Defendants by name and contains sufficient "factual matter" to show: (1) how and why he believes his constitutional rights were violated; and (2) what each individual Defendant did to cause him injury.   *See Iqbal*, 556 U.S. at 677-78.   "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."   *Id*. at 676.

## III.   Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

2.   The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Motion to Amend/Correct (ECF No. 4) is **GRANTED**. Plaintiff's Amended Complaint, should he elect to file one, must be filed with the Court no later than **Monday, August 4, 2014**.  If Plaintiff does not file an Amended Complaint by that time, the Court will presume he wishes to proceed only with the claims already alleged against the Defendants previously identified in his original Complaint (ECF No 1), and shall issue conduct its mandatory screening of that pleading pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**IT IS SO ORDERED.**

**DATED:  July 7, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**