1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL GARCIA, | Case No.  14-cv-00243-BAS(BGS) |
| Plaintiff, | **ORDER:** |
| | **(1)  APPROVING AND ADOPTING IN PART REPORT AND RECOMMENDATION;** |
| v. | |
| ANTONIO NUNO, *ET AL.* | **(2)  SUSTAINING DEFENDANTS' OBJECTION; AND** |
| Defendants. | |
| | **(3)  GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| | (ECF Nos. 35, 37, 31) |

On January 31, 2014, plaintiff Israel Garcia ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 against several officers and medical personnel at Calipatria State Prison.  On August 6, 2014, Plaintiff filed a First Amended Complaint ("FAC"), alleging the following: (1) Eighth Amendment deliberate indifference and Fourteenth Amendment due process violations against Officer Elmore; (2) Eighth Amendment excessive force, Fourteenth Amendment due process, and First Amendment retaliation violations against Officer Nuno; (3) Fourteenth Amendment due process,

Eighth Amendment deliberate indifference, and First Amendment retaliation violations against registered nurses Manuel and Silva; (4) Fourteenth Amendment due process violation against Lt. Beltran; (5) Eighth Amendment deliberate indifference and First Amendment retaliation violations against Dr. Kornbluth; (6) Eighth Amendment deliberate indifference violations against Dr. Ball; (7) Eighth Amendment deliberate indifference violations against Warden Montgomery; and (8) Fourteenth Amendment retaliation violations generally against correctional staff and medical staff. (ECF No. 16.) Plaintiff seeks damages and requests injunctive relief concerning medical unit operations. (*Id*. at 17-18.) On January 23, 2015, Defendants filed a Motion to Dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 31.) Plaintiff did not oppose.

On August 17, 2015, United States Magistrate Judge Bernard G. Skomal issued a Report and Recommendation ("R&R"), recommending that this Court issue an Order granting Defendants' Motion to Dismiss on all claims except the Eighth Amendment excessive force claim against Officer Nuno and the Eighth Amendment deliberate indifference claim against Dr. Kornbluth. (ECF No. 35.) Magistrate Judge Skomal ordered the parties to file any objections no later than September 4, 2015. (*Id*. at p. 25.) Thereafter, Defendants filed an objection to the recommendation in the R&R that the Court deny the Motion to Dismiss with respect to Officer Nuno. (ECF No. 93.) Plaintiff did not file any objections.

For the reasons set forth below, the Court **APPROVES** and **ADOPTS IN PART** the R&R (ECF No. 35), **SUSTAINS** Defendants' objection (ECF No. 37), and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 31).

## I. BACKGROUND

The Court hereby incorporates the facts laid out in Magistrate Judge Skomal's R&R. However, the Court elaborates below on the facts relating to Plaintiff's Eighth Amendment excessive force claim against Officer Nuno.

14cv243

1

### A.    Plaintiff's Version

In the FAC, Plaintiff alleges Officer Nuno, a correctional officer at Calipatria State Prison where Plaintiff was an inmate, "acted maliciously with intent to harm or cause harm[,] as well as recklessness amounting to deliberate indifferences [sic] under the Eighth Amendment['s] prohibition on cruel and unusual punishment." (FAC at 2.)  Plaintiff alleges that on February 23, 2013, Officer Nuno used excessive force in physically attacking him "without provocation or without any legal basis or authority." (*Id*. at 7.)

Specifically, Plaintiff alleges the following occurred on February 23, 2013:  As Plaintiff's door was unlocked and opened by Officer Nuno that morning, he grabbed some hygiene items he had ready in clear plastic and put them in his back pocket. (*Id*. at 9.)  Plaintiff then walked over to get his medication. (*Id*.)  After he got his medication, Plaintiff attempted to slide the hygiene items under the door of a new inmate. (*Id*.)  Officer Nuno told him to stop and bring the hygiene items over to where he was standing. (*Id*.)  Plaintiff handed the hygiene items over to Officer Nuno upon request. (*Id*.)  However, Plaintiff refused to go back to his cell until Officer Nuno returned the hygiene items to him. (*Id*.)  Plaintiff and Officer Nuno argued over the return of the hygiene items, which Officer Nuno termed "contraband." (*Id*.) Plaintiff then said to Officer Nuno: "Are you dum[b] or stupid not to know that is not contraband." (*Id*.)  At that time, Plaintiff realized that Officer Nuno was "very mad" so he "steped [sic] back away from him and took off [his] glasses and put them in [his] shirt pocket (front)." (*Id*.)  By the time Plaintiff looked back up, Officer Nuno's elbow hit him the face, making him fall to the floor on top of his cane, with both of his hands on his cane. (*Id*. at 10.)  Officer Nuno then jumped on top of Plaintiff and told him to stop resisting. (*Id*.)  Once other correctional officers arrived, Officer Nuno stopped attacking Plaintiff and he was able to free his hands and be cuffed. (*Id*.)  Plaintiff was injured as a result of the attack. (*Id*. at 10, 11, 14.)

Following the attack, Plaintiff alleges Officer Nuno "falsely prepared reports

incorrectly identifying himself as the victim in an effort to avoid criminal or administrative penalties for batter[y]," which resulted in Plaintiff being punished "without justification." (*Id*. at 10.) Plaintiff alleges that Officer Nuno falsely reported that he hit him the chest, and asserts that he did not lunge at Officer Nuno with his cane, as reported by G. Badilla. (*Id*. at 7, 10; *see also* ECF No. 16-1 at 13.) Plaintiff seeks, among other things, compensatory and punitive damages and a declaration that the acts and omissions described in his FAC violated his rights under the U.S. Constitution and laws of the United States. (*Id*. at 17.)

### B.   Officer Nuno's Version

The "Crime/Incident Report" filed by Officer Nuno on February 23, 2013, and attached to the FAC, states:

> ON SATURDAY FEBRUARY 23, 2013 AT APPROXIMATELY 0745, WHILE PERFORMING MY DUTIES AS HCA INFIMARY #1, I OPENED INFIRMARY CELL #9 OCCUPIED BY INMATE GARCIA (T67693, inf-9l) TO SEE THE REGISTERED NURSE ON DUTY FOR VITALS. AFTER HIS VITALS WERE COMPLETED INMATE GARCIA T67693 THEN STARTED WALKING TOWARDS CELL #15. INMATE GARCIA ATTEMPTED TO THROW AN UNKNOWN OBJECT UNDER DOOR PANEL BUT IT GOT STUCK UNDER THE DOOR; I THEN ORDERED INMATE GARCIA TO BACK AWAY FROM THE DOOR AND CONFISCATED THE CONTRABAND. I THEN TOLD INMATE GARCIA THAT HE CANNOT THROW CONTRABAND UNDER CELL DOORS AND THAT HE NEEDED TO GO BACK TO HIS CELL. INMATE GARCIA BECAME VERY ANGRY AND DEMANDED HIS CONTRABAND BACK AND STATED "YOU AINT GONNA PUNK ME FOR MY SHIT". I THEN ORDERED HIM AGAIN TO RETURN BACK TO HIS CELL AND INMATE GARCIA THEN TOOK A BLADED STANCE AND REMOVED HIS GLASSES AND TOLD ME "LETS DO THIS, LET'S GO ALL THE WAY". INMATE GARCIA STRUCK ME WITH HIS RIGHT FIST ON MY CHEST WHILE HOLDING HIS CANE. I THEN PLACED BOTH MY HANDS ON HIS SHOULDERS, GRABING [SIC] HIS SHIRT AND TOOK HIM DOWN UTILIZING MY BODY WEIGHT. I THEN ORDERED INMATE GARCIA TO STOP RESISTING WHILE I ATTEMPTED TO PLACE HIM IN HANDCUFFS, HE

CONTINUED TO RESIST BY KEEPING BOTH HANDS TUCKED UNDER HIS BODY AND ROLLING AROUND, I MANAGED TO PULL INMATE GARCIA'S HANDS OUT FROM UNDER HIS BODY AND PLACE HIM IN RESTRAINTS WHILE ON TOP OF HIM. I THEN RELINQUISHED CUSTODY TO OFFICER R. CRUZ.

(ECF No.16-1 at 12.)[1]

### C.    Outcome of Incident

An "Administrative Segregation Unit Placement Notice" filed February 23, 2013 by W. Newman, and attached to the FAC, states that Plaintiff "struck Officer Nuno on his chest with [his] fist" while being escorted, which necessitated physical force to quell the incident.  (*Id.* at 14.)   The Notice further states that based on Plaintiff's reported involvement in the battery of a police officer, Plaintiff was "deemed a threat to the safety and security of the institution and [was] being placed in Administrative Segregation pending a review of [his] program needs."  (*Id.*)  "As a result of this placement," the Notice states that Plaintiff's "credit earning, custody level, privilege group, and visiting status are subject to change."  (*Id.*)

W. Newman also filed a "Crime/Incident Report" on February 23, 2013, which is attached to the FAC and is a "compilation of the involved staff's written reports." (*Id.* at 3.)  In the Report, W. Newman states:

> On Saturday, February 23, 2013, at approximately 0749 hours, Correctional Officer A. Nuno (HCA In-Pat Officer #1) was escorting Inmate M. Garcia (T67693, INF-09L) when Inmate Garcia struck Officer Nuno with his hand on the chest.  Officer Nuno used physical force to stop the attack and restrain Inmate Garcia.

(ECF No. 16-1 at 3-4.)  Under the "Use of Force" section, the Crime/Incident Report states:

---

[1]      Plaintiff attached nearly a hundred pages of documents to his FAC and when documents are attached to a complaint, the Court may consider the attached documents on a motion to dismiss.  *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

> Officer Nuno utilized physical strength to stop the attack by placing both his hands on Inmate Garcia's shoulders and then using his body weight he pushed Inmate Garcia to the floor were [sic] he landed on top of him and was able to place him in hand cuffs.

(*Id.*)  As a result of the incident, the Crime/Incident Report states that Plaintiff was to receive a "CDC-115, Rules Violation Report (RVR) for a violation of California Code of Regulations (CCR), Title 15, Section 3005(b) charging him with the specific act of 'Battery on a Peace Officer.'"  (*Id.* at 4.)

A Rules Violation Report was issued to Plaintiff on or about March 3, 2013, which repeated the statement Officer Nuno gave in his Crime/Incident Report.  (*Id.* at 15.)  Plaintiff appeared at a hearing for adjudication on this Rules Violation Report on May 18, 2013.  (*Id.*)  At the hearing, Plaintiff pleaded "Not Guilty" and stated "I'm innocent, I didn't do anything."  (*Id.*)  Officer Nuno was not required to appear at the hearing because he had "no relevant or additional information," but his written report was proffered as testimony and/or evidence.  (*Id.*)  At the hearing, Plaintiff was found guilty of violating California Code of Regulations Title 15, § 3005(d)(1) for battery on a peace officer.  (*Id.*)  This finding was based on a preponderance of the evidence submitted at the hearing, which included Officer Nuno's written report, as quoted in full above.  (*Id.*)  This evidence was supported by the statement of RN Manuel, a medical evaluation, and the report of an inmate/witness.  (*Id.* at 16)  As a result of the guilty finding, Plaintiff was assessed "150 days Forfeiture Credits" and "10 days Loss of Yard."  (*Id.*)  Plaintiff appealed.  (*See* ECF No. 16-2 at 5-10.)

## II.    LEGAL STANDARD

The Court reviews *de novo* those portions of the R&R to which objections are made.  28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R&R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge.). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401-IEG(DHB), 2013 WL 4517861, at *1 (S.D. Cal. August. 15, 2013) (citing cases). In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g., id.*; Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Court for N. Dist. Of Cal.*, 501 F.3d 5, 7 (9th Cir. 1974)).

## III.   DISCUSSION

Defendants object to the R&R's recommendation that the Court deny Defendants' motion to dismiss Plaintiff's excessive force claim against Officer Nuno. Specifically, Defendants object to the R&R's finding that Plaintiff's excessive force claim against Officer Nuno is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  *Id*. at 487.  This doctrine, also known as the favorable termination doctrine, was extended to disciplinary hearings that result in the loss of good-time credits in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  The question is therefore whether Plaintiff's allegations supporting his excessive force claim would necessarily imply the invalidity of the punishment imposed in the disciplinary hearing.

Defendants argue in their objection that "[i]f Plaintiff is successful on his Eighth Amendment excessive force claim against Officer Nuno—i.e. if Plaintiff proves that he did not hit Officer Nuno, but Officer Nuno hit him—it would necessarily negate the finding at the Rules Violation Report hearing that Plaintiff is guilty of battering Officer Nuno.  Therefore, the Eighth Amendment excessive force claim is barred by the favorable-termination doctrine."  (ECF No. 37 at p. 3, lines 10-15.)  For the following reasons, the Court agrees with Defendants and **SUSTAINS** the objection.

In the R&R, the magistrate judge determined that it may be possible for Plaintiff to prevail on his excessive force claim without necessarily implying the invalidity of his prison disciplinary conviction, if, for example, Plaintiff could prove: "(1) Officer Nuno responded to Plaintiff's resistance with an unjustified and excessive amount of force; or (2) Officer Nuno used excessive force before or after, instead of in response to Plaintiff's resistance."  (R&R at p. 7.)  However, as Defendants highlight, Plaintiff was not disciplined for resistance, but was found guilty of violating California Code of Regulations Title 15, § 3005(d)(1) for battery on a peace officer, based on a finding he struck Officer Nuno.  Section 3005(d)(1) of Title 15 of the California Code of Regulations provides: "Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any

person or persons, nor attempt or threaten the use of force or violence upon another person."  Cal. Code Regs. tit. 15, § 3005(d)(1) (2008); *see also Velarde v. Duarte*, 937 F. Supp. 2d 1204, 1211 n. 1 (S.D. Cal. 2013).

Therefore, if Plaintiff were to prove, as he alleges in the FAC, that he did not strike Officer Nuno, a judgment in his favor would necessarily imply the invalidity of the finding at his disciplinary hearing that he was guilty of battery.  *See Sharp v. Morrison*, No. CV 1:07-00458-PHX-SMM, 2010 WL 2838635, at *4-5 (E.D. Cal. July 20, 2010).  Accordingly, the Court finds Plaintiff is barred by *Heck* from bringing his excessive force claim, as alleged, against Officer Nuno.

Given the foregoing, the Court **SUSTAINS** Defendants' objection and **DISMISSES** Plaintiff's Eighth Amendment excessive force claim against Officer Nuno.  However, the Court grants Plaintiff leave to amend this cause of action because, as argued by Defendants, there are facts Plaintiff could add to plausibly allege an excessive force claim that would not be barred by *Heck*.

## IV.   CONCLUSION & ORDER

After reviewing *de novo* those portions of the R&R to which objections were made, the Court **SUSTAINS** Defendants' objection to Magistrate Judge Skomal's recommendation that the Court deny Defendants' motion to dismiss the excessive force claim against Officer Nuno.  The Court has also conducted a *de novo* review of the remainder of the R&R, the motion to dismiss, and relevant portions of the record, and concludes that Magistrate Judge Skomal's reasoning as to the remainder of the R&R is sound.  Therefore, the Court **SUSTAINS** Defendants' Objection (ECF No. 37), **APPROVES** and **ADOPTS IN PART** the R&R (ECF No. 35), and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 31).

Accordingly, Defendants' Motion to Dismiss is **GRANTED** except for the Eighth Amendment deliberate indifference claim against Dr. Kornbluth.  As laid out by Magistrate Judge Skomal, the following claims are dismissed with prejudice and without leave to amend: (1) Eighth Amendment deliberate indifference claim against

Officer Elmore; (2) Fourteenth Amendment due process claims against Officer Elmore, Officer Nuno, RN Manuel, RN Silva, and Lt. Beltran; and (3) First Amendment retaliation violations against Officer Nuno, RN Manuel, and Dr. Kornbluth.  The claim for injunctive relief is also dismissed as moot.

However, as further laid out by Magistrate Judge Skomal and modified by this Court's order, Plaintiff is given leave to amend the following claims: (1) Eighth Amendment excessive force claim against Officer Nuno; (2) Eighth Amendment deliberate indifference claims against RN Manuel and RN Silva; (3) Eighth Amendment deliberate indifference violations against Dr. Ball; (4) Eighth Amendment deliberate indifference violations against Warden Montgomery; and (5) First Amendment retaliation violation against RN Silva.

If Plaintiff chooses to amend his complaint, he must file a "Second Amended Complaint" no later than **April 29, 2016**.  Except as laid out above, no new claims or parties may be added to the Second Amended Complaint.

**IT IS SO ORDERED.**

**DATED:  March 29, 2016**

**Hon. Cynthia Bashant**
**United States District Judge**