UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Israel Garcia,

Plaintiff,

v.

Antonio Nuno, et al,

Defendant.

Case No.:  14cv00243-BAS-BGS

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF COUNSEL**

## I.    BACKGROUND

On July 5, 2016, Plaintiff Israel Garcia, a prisoner proceeding *pro se* and In Forma Pauperis ("IFP") in this civil rights action, filed a motion to appoint counsel, his second such request.  (ECF No. 45.)  In his Amended Complaint, Plaintiff claims several correctional and medical officials at Calipatria State Prison violated his Eighth Amendment and Fourteenth Amendment rights in February 2013, by failing to ensure his safety, using excessive force against him, denying him adequate medical treatment, and refusing to permit him to present evidence at a disciplinary proceeding which resulted in a year of administrative segregation.  (*See* ECF No. 16 at 5-17.)  On July 18, 2014, Plaintiff filed an ex parte motion to appoint counsel because  he is indigent, incarcerated, has limited access to the law library, has made "repeated efforts to obtain a lawyer," believes his case will "likely involve conflicting testimony," and that counsel would

1  "better enable [him] to present evidence and cross examine witnesses."  (*See* ECF No. 12

2  at ¶¶ 1-4.)  On October 31, 2014, the Court issued an order denying Plaintiff's motion to

3  appoint counsel without prejudice for failure to demonstrate the exceptional

4  circumstances required for appointment of counsel in a civil action.  (*See* ECF No. 18 at

5  3.)

6  Presently before the Court is Plaintiff's second ex parte motion for appointment of

7  counsel filed on July 5, 2016 *nunc pro tunc* to June 30, 2016.  (ECF No. 45.)  Plaintiff's

8  present motion requests appointment of counsel because of his "recent diagnosis" and

9  because his "resources [in jail] are very limited."  (*Id.* at 1.)

## II.    STANDARD OF REVIEW

11  As explained in the Court's prior order, "there is no absolute right to counsel in

12  civil proceedings."  *Hedges v. Resolution Trust Corp. (In Re Hedges)*, 32 F.3d 1360,

13  1363 (9th Cir. 1994).  Consequently, federal courts do not have the authority "to make

14  coercive appointments of counsel" as Plaintiff has asked this Court to do in his recent

15  motion.  *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also*

16  *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

17  The Court also explained in its October 31, 2014 Order that while district courts do have

18  discretion under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent

19  civil litigants, such a request is only made upon an evaluation of the likelihood of the

20  plaintiff's success on the merits and a showing of "exceptional circumstances."  *See*

21  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

22  A finding of the exceptional circumstances "requires at least an evaluation of the

23  Plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues

24  involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2.5 1328,

25  1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

## III.   DISCUSSION

27  Plaintiff has twice now requested appointment of counsel in this case based, in

28  part, on his assertion that he is uneducated in the law and lacks the resources to properly

2

litigate his case.  However, one's lack of education and resources, without more, does not qualify as an exceptional circumstance warranting appointed counsel in a civil action. The courts are aware, as Plaintiff wrote in his ex parte motion, that most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331; *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  To address this issue, federal courts employ procedures which are protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (holding *pro se* complaint to less stringent standard) (per curiam).  For example, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

The Court has once again reviewed the complaint in this action and finds Plaintiff has been able to clearly articulate his claims that his Eighth and Fourteenth Amendment rights were violated.  Nothing has substantially changed in this case since the Court's last order that would change the Court's analysis of the exceptional circumstance requirement.  Although Plaintiff argues that his case is "complex," the Court does not agree that the issues are so complex as to warrant appointment of counsel at this time.  As the Ninth Circuit explained in *Wilborn*, difficulty alone is not sufficient to meet the exceptional circumstances requirement. *Wilborn*, 789 F.2d at 1331.

To establish exceptional circumstances, Plaintiff must demonstrate that because of the complexity of his legal claims he is unable to articulate his positions. *Rand*, 113 F.3d at 1525.  The court in *Rand* held exceptional circumstances did not exist where, even though the motions that were filed with the court "did not achieve the quality of papers that might have been prepared by a lawyer," the papers were "generally articulate and organized." *Id.*  Here, like the litigant in *Rand*, Plaintiff has been able to put forward his claims in a generally articulate and organized manner against the relative complexity of a

///

///

§1983 case and therefore this action does not warrant the assistance of counsel at this time.[1]  Accordingly, Plaintiff's motion is **DENIED** without prejudice.

      **IT IS SO ORDERED.**

Dated:  July 8, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[1] Plaintiff also states that he needs the assistance of counsel because of his "recent diagnosis."  (ECF No. 45 at 1.)  He further states that he has not enclosed his mental diagnosis "do (sic) to no copys (sic)."  (Id. at 2.)  Not only has Plaintiff failed to provide corroboration of his mental diagnosis, the Court finds that whatever the diagnosis is, Plaintiff is nevertheless able to sufficiently articulate his position with respect to his factual and legal arguments.  This likewise fails to meet the standard of exceptional circumstances required to obtain counsel.  *Agyeman*, 390 F.3d at 1103