1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11    ISRAEL GARCIA,                         Case No. 14-cv-00243-BAS-AGS

                          Plaintiff,       **ORDER:**
12

13        v.                                **(1) REFERRING CASE TO PRO BONO PANEL FOR APPOINTMENT OF COUNSEL FOR COMPETENCY DETERMINATION; AND**

14    ANTONIO NUNO, *et al.*,

15                          Defendants.      **(2) STAYING DR. KORNBLUTH'S MOTION FOR SUMMARY JUDGMENT (ECF No. 58)**

16

17

18

19        Plaintiff Israel Garcia is a state prisoner proceeding *pro se* and *in forma pauperis*. On January 31, 2014, he commenced this action under 42 U.S.C. § 1983 alleging various claims against California Department of Corrections and Rehabilitation personnel at Calipatria State Prison. Now, Plaintiff has one claim remaining. This claim alleges Defendant R. Kornbluth, a state physician, violated Plaintiff's rights under the Eighth Amendment by failing to provide him with proper medical care.

          On October 13, 2016, in an unrelated criminal proceeding, the Superior Court of California for the County of Riverside determined Plaintiff is mentally incompetent. (ECF No. 59-1.) The state court ordered Plaintiff to be committed to

Patton State Hospital or the other appropriate state mental health department for a maximum of three years. (*Id.*)

Then, on January 19, 2017, Dr. Kornbluth filed a motion for summary judgment on Plaintiff's remaining claim. (ECF No. 58.) That same day, Dr. Kornbluth filed a notice regarding Plaintiff's possible incompetence—informing the Court of the state court's mental incompetency determination. (ECF No. 59.) In light of this information, the Court will address Plaintiff's competency and Dr. Kornbluth's dispositive motion.

## I.   **COMPETENCY**

Rule 17(c) of the Federal Rules of Civil Procedure governs the representation of minor or incompetent litigants. This rule provides in part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). Rule 17(c)'s purpose "is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Based on this rule, the Ninth Circuit has "reasoned that when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (citing *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989)); *see also, e.g.*, *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1055 (E.D. Cal. 2015) (appointing guardian ad litem under Fed. R. Civ. P. 17(c)(2) after determining retired brigadier general was incompetent following competency hearing).

//

Here, a substantial question exists regarding the mental competence of a party proceeding *pro se*—Plaintiff. The state court's October 13, 2016, mental incompetency determination indicates Plaintiff may be incompetent. In addition, Plaintiff filed a change of address on January 19, 2017, identifying the address for Patton State Hospital—a psychiatric hospital. (*See* ECF No. 60.) Yet, he also filed a change of address on January 30, 2017, identifying the address for the Robert Presley Detention Center, which indicates he may no longer be committed to a state mental health institution. (*See* ECF No. 61.) Given the foregoing, the Court concludes it is appropriate to hold a hearing to determine whether Plaintiff is incompetent and, if so, whether a guardian ad litem should be appointed. *See* Fed. R. Civ. P. 17(c)(2); *Allen*, 408 F.3d at 1153.

At the same time, the Court recognizes the due process considerations implicated by undertaking a competency determination. If the Court determines Plaintiff is incompetent, it may, as mentioned, appoint a guardian ad litem. *See* Fed. R. Civ. P. 17(c)(2). A guardian ad litem "is '[a] guardian, [usually] a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party.' " *Yeager*, 143 F. Supp. 3d at 1052 (alterations in original) (quoting *Guardian*, Black's Law Dictionary (10th ed. 2014)). A guardian ad litem has the authority to prosecute, control, and direct the control of the litigation. *Id.* The guardian may retain counsel and settle the claim on behalf of the incompetent party. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). Thus, although an incompetent litigant can proceed with the case through the appointment of a guardian ad litem, the appointment deprives the litigant of "the right to control the litigation." *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990). In addition, an incompetency determination may subject a litigant to stigmatization. *Id.*

In light of Plaintiff's possible incompetency and the due process considerations implicated by a competency determination, the Court finds it is appropriate to request

14cv0243

counsel for Plaintiff for the competency hearing. This district's General Order No. 596 adopted the Plan of the United States District Court for the Southern District of California for the Representation of *Pro Se* Litigants in Civil Cases ("Pro Bono Plan"). *See* General Order No. 596, https://www.casd.uscourts.gov/Rules/GeneralOrders/Lists/General%20Orders/Attachments/107/GO_596.pdf. The Pro Bono Plan provides a series of factors for this Court to consider when determining if a case is appropriate for the appointment of counsel. *See* Pro Bono Plan at 1. It also provides that nothing in the plan "prevents the assigned judge from appointing counsel if it is apparent from the pleadings or other materials before the Court that the *pro se* civil plaintiff has mental or other disabilities substantially interfering with his or her ability to present the factual and legal claims and making an appropriate application for appointment of counsel." *Id.* An appointment of counsel is appropriate in this case based on (i) the substantial risk Plaintiff is incompetent and (ii) the assistance counsel can provide the Court with undertaking a competency determination. *See id.* (providing whether appointment is appropriate may depend on "the degree to which the ends of justice will be served by appointment of counsel, including the extent to which the Court may benefit from the appointment" and "any other factors deemed appropriate").

Accordingly, concurrently with the filing of this Order, the Court will submit the appropriate request for an appointment of counsel for Plaintiff for the competency hearing to the district's pro bono coordinator. *See* Pro Bono Plan at 2. In addition, given the circumstances of this case, the Court finds it is appropriate to initially direct the request to pro bono panel member San Diego Volunteer Lawyer Program. That said, if this Court is unable to appoint counsel for Plaintiff for the competency hearing, it will nonetheless hold the hearing to determine whether Plaintiff is competent and, if necessary, to issue an appropriate order under Rule 17(c)(2).

//

//

14cv0243

## II.     STAY OF DISPOSITIVE MOTION

The Ninth Circuit has "held that if an 'incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c).' " *Allen*, 408 F.3d at 1153 (quoting *Krain*, 880 F.2d at 1121); *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (noting "a judgment entered against a mentally incompetent defendant not represented by a guardian or a guardian ad litem may be subject to collateral attack at a later date"). Here, because there is a substantial question as to Plaintiff's competency, the Court will stay Dr. Kornbluth's motion for summary judgment. *See Allen*, 408 F.3d at 1153. Once the Court resolves the issue of Plaintiff's competency, the Court will issue a new briefing schedule for Dr. Kornbluth's motion.

## III.    CONCLUSION

In light of the foregoing, the Court will hold a competency hearing to determine whether Plaintiff is competent to proceed with this case. However, the Court will first endeavor to appoint counsel for Plaintiff for the competency hearing by referring this case to the district's pro bono panel. If the Court is unable to appoint counsel for Plaintiff for the competency hearing, the Court will issue an order setting the hearing and providing further guidance to Plaintiff. In addition, the Court **STAYS** Dr. Kornbluth's motion for summary judgment (ECF No. 58) because of Plaintiff's potential incompetency.

**IT IS SO ORDERED.**

**DATED:  February 2, 2017**

**Hon. Cynthia Bashant**
**United States District Judge**